UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SANDRA PRIEMER,

        Plaintiff,

                                            Case Number 06-13423-BC
v.                                              Honorable Thomas L. Ludington

GLADWIN COUNTY DISTRICT LIBRARY,
BRUCE GUY,

        Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 25, 2007, the Court entered an opinion and order granting summary judgment to Defendant Gladwin County District Library (Library) and its director, Defendant Bruce Guy. On August 8, 2007, Plaintiff Sandra Preimer timely filed a motion for reconsideration regarding her claim of First Amendment retaliation, under 42 U.S.C. § 1983.

To summarize the facts outlined in the Court's earlier order, Plaintiff previously worked as a library assistant for Defendant Library, and she handled some aspects of receiving and processing money for some of Defendant Library's accounts. Due to a prior embezzlement situation and her involvement in addressing that situation, Plaintiff appears to have had a sensitivity to how Defendant Library handled money.

In November 2003, after a disagreement with Defendant Guy about his purportedly improper entry into her office, Plaintiff was assigned to work as an assistant reference librarian. Defendant Guy assumed her former duties for handling certain monies, but for a few months, Plaintiff had some responsibility for handling a small fund, the day cash fund. The day cash fund includes monies paid by customers for library fines and photocopying costs.

A few days after Plaintiff received what she felt was a poor performance review, in April 2005, she related several concerns that she had to a county commissioner. These concerns included how Defendant Guy received the mail and bills for Defendant Library, whether the location of the day cash fund was secure, and her view that alleged non-compliance with grants might jeopardize Defendant Library's ability to continue to receive those grants. At a board meeting on April 26, 2005, the county commissioner related these concerns to Defendant Guy, who later issued a reprimand to Plaintiff for not expressing her work-related concerns internally within the "chain of command."

On September 8, 2005, Defendant Guy requested that Plaintiff to explain an absence. Over the next few days, Plaintiff then wrote several letters, some directed to Defendant Library's board, on a variety of topics, including the theft of her wallet and her concern about a lack of security. On December 29, 2005, purportedly in response to budget cuts, Defendant Guy eliminated Plaintiff's position for the following year's budget.

Plaintiff subsequently filed the instant suit, alleging a single claim of First Amendment relation, under 42 U.S.C. § 1983. Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56. On July 25, 2007, the Court granted Defendants' motion for summary judgment.

On August 8, 2007, Plaintiff timely filed the instant motion for reconsideration. Advancing case law that did not appear in her prior filings, Plaintiff argues that Defendants have failed to demonstrate any *actual* disruption to Defendant Library, preferring mere speculation that disruption could result. She further contends that the question of causation must go to a jury.

E.D. Mich. LR 7.1(g) permits a party to seek reconsideration of an order. Local Rule 7.1(g)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

As stated in the Court's previous order, a First Amendment retaliation claim requires a plaintiff to show, *inter alia*, that she engaged in constitutionally protected speech and that that speech had a causal connection to an adverse employment action. *See Scarborough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006). Speech is constitutionally protected if it involves a matter of public concern, is not pursuant to the speaker's job responsibilities, and outweighs a public employer's efficiency interests in performing legitimate state functions. *See Rose v. Stephens*, 291 F.3d 917, 920 (6th Cir. 2002).

Here, Plaintiff focuses her challenge on the balancing test for "constitutionally protected speech" under *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). A careful reading of the precedents identified by Plaintiff reveals none that expressly require a state employer to provide evidence that the employee's speech actually disrupted the government agency's business. Still, the implication from cases such as *Rankin v. McPherson*, 483 U.S. 378, 388 (1987), which enumerates considerations such as "whether the statement impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise," is that some negative effect has, in fact, reached the defendant.

Plaintiff asserts that Defendants have only speculated that not following the chain of command would be disruptive to Defendant Library. Defendants, in their response to the instant motion, rely on Defendant Guy's deposition to point out that some measure of disruption did occur – a person outside of the library structure, a county commissioner, intervened with Defendant Guy on a question of management before the issue could receive administrative attention. This testimony nevertheless reflects an "interfer[ence] with the regular operation of the enterprise."

As to the other precedents cited by Plaintiff, the balancing analysis of those cases is largely distinguishable from the balancing applicable to the instant case. In *Solomon v. Royal Oak Twp.*, 842 F.2d 862 (6th Cir. 1988), the plaintiff, the chief of police, faced retaliation after he reported corruption at the highest levels of the police department and had initiated investigations into some of those charges. There, the court accepted – as not contrary to departmental efficiency – the plaintiff's report outside the chain of command, because his superiors had twice demoted him and because his report implicated at least one of those superiors. *Id*. at 866.

In *Johnson v. Univ. of Cincinnati*, 215 F.3d 561 (6th Cir. 2000), a university employee addressed his employer's alleged non-compliance with its own affirmative action policy (which the court accepted was a matter of public concern). The court was persuaded that the gravity of public interest in affirmative action required giving greater weight to the employee's speech, when the detriment to the university was only delay in hiring employees.

In *Matulin v. Lodi*, 862 F.2d 609 (6th Cir. 1988), a police officer made statements to reporter regarding alleged gender and disability discrimination, which is always a matter of public concern, and those statements were already included in the public record after the officer filed a civil rights complaint. The court did not disturb a jury verdict, concluding that the content of the published

statements was not of a sort that could create "lack of trust" between the plaintiff and his supervisor and that there was no evidence that the plaintiff's statements resulted in an adverse impact for the employer's performance.

Similarly, in *Ratliff v. Wellington Exempted Village Schools Bd. of Educ.*, 820 F.2d 792 (6th Cir. 1987), the court did not disturb a jury verdict, where evidence existed to support the plaintiff's contention that the school board ended his employment after he spoke publicly to the board about insufficient funding. The existence of contrary evidence from members of the school board that the plaintiff's speech did not bear on their decision, or from the superintendent that he had only marginal input on the decision, did not overcome the evidence that the jury found persuasive, i.e., that the board's attitude changed after the plaintiff's speech.

The case that provides the most support for Plaintiff's argument, *Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003), is still distinguishable from the instant case. There, the plaintiff sent a non-inflammatory internal memo to the defendant, the chief executive officer of the plaintiff's employer, regarding the allocation of space at a hospital.[1] In her memo, she questioned whether the hospital could meet state certification requirements. The court concluded that a slight disharmony within a hospital structure was insufficient to overcome concern to meet standards necessary for patient care. Further, the court stated that there was no evidence that the plaintiff's memo disrupted the hospital's ability to function.

The preceding cases provide only limited exploration of the manner in which a particular plaintiff's actions did, or did not, disrupt an employer's operations. Instead, the balancing test

---

[1]This case predates *Garcetti v. Ceballos*, 547 U.S. 410 (2006), so the inquiry into whether the plaintiff's memo was pursuant to her job responsibilities did not occur.

focuses on the gravity of the matter of public concern expressed by the plaintiff. Generally, the foregoing cases, involving police corruption, affirmative action, employment discrimination, school funding, and patient care, involved allegations of significant public concern, such that operational and efficiency concerns by the defendant employer would be unlikely to be due greater weight. Here, Plaintiff's allegations are that the money from library fines and photocopying expenses may be stored in an unsecure location. The Court finds it difficult to conclude that this type of concern overcomes Defendant Library's efficiency interest in operating without managerial oversight by persons outside the entity itself. Similarly, her insistence that the mail might be handled differently or that Defendant Library might be in jeopardy of losing grant funding, although she acknowledged in her deposition that she had no training or involvement with securing grants, does not warrant the inefficiency of outside oversight on those types of concerns. Although matters of public funding are presumptively matters of public concern, *see Mahronic v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986), Plaintiff's free speech interest in these issues are outweighed by a government entity's "great[] leeway to control speech that threatens to undermine [its] ability to perform its legitimate functions." *Rodgers*, 344 F.3d at 596 (citations omitted).

Finally, regarding Plaintiff's argument as to causation, she presents only the same arguments already addressed by the Court. Although "[t]he matter of causation is an issue of fact which must be decided by the jury," *Matulin*, 862 F.2d at 613, a plaintiff must also provide evidence as to each element of a claim. Notwithstanding the long list of events again recited in Plaintiff's brief (some of which involve correspondence between Plaintiff and non-parties), the events reduce to three points in time: (1) April 2005, when Plaintiff was reprimanded for going outside the chain of command to address her concerns to a county commissioner; (2) September 2005, when Plaintiff

complained to Defendant Library's board, after Defendant Guy directed her to explain an absence; and (3) December 2005, when Defendant Guy eliminated her position. As stated in the Court's earlier opinion, mere temporal proximity does not establish causation. Here, Plaintiff has not even shown temporal proximity.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [dkt #20] is **DENIED**.

                                                                 s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                United States District Judge

Dated: December 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2007.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS